Ruffin, C. J.
 

 This is an action of trover for a horse, to which the plaintiff’s intestate claimed title by purchase from one Randall. The defendant gave evidence, that the alledged purchase was made for the express purpose of defeating divers creditors of Randall, who were then suing him, and that Randall kept possession of the horse and used it as his own, and a few days afterwards sold
 
 *424
 
 him to the defendant who purchased
 
 bona fide
 
 and for value. The counsel for the plaintiff insisted, that he was entitled to recover, because the fraudulent sale of the intestate was not void against the defendant, though he were a
 
 bona fide
 
 purchaser from the vendor, and because it did not appear that any of the demands against Randall remained unsatisfied at the trial. The Court refused to give that instruction, and told the jury, that, in the case supposed, the plaintiff was not entitled to
 
 recover.
 
 Verdict and judgment for the defendant and the plaintiff appealed.
 

 It is to be assumed upon the bill of exceptions, that the defendant’s purchase was for the full value of the horse and without the notice of the conveyance to the intestate, since no objection was taken on either point. Taking that to be so, the judgment must be affirmed. It is true, that the stat. 27 Eliz. is in its terms confined to land. But it has been often said, that it was but in affirmance of the common law. Besides, it is in respect to personal things so obvious, that a conveyance by the owner without consideration, and with the sole intent to baffle creditors, in which there was no change of the apparent ownership and possession, was made upon a secret trust for the former owner, and with the intent that he should have the enjoyment and disposition of the property as before, as to render it not only void, as against the creditors, but to require in furtherance of good faith towards those who deal for the thing with him as the owner still, that it should be held, also, either that the first conveyance is void, as to
 
 bona ;fide
 
 purchasers, or that the donor and possessor had an authority as the secret
 
 cestui que
 
 trust or as the agent of the fraudulent donee, to dispose of the property by sale. If he should do so and get a fair price for it from an innocent purchaser, nothing could be more palpably dishonest than that the fraudulent donee should set up his title, to
 
 *425
 
 the prejudice of the second purchaser. Then, as to the other point, it is clear, that the fraud in thus drawing in an innocent man to lay out his money is not purged by the fact, that his vendor afterwards paid the debts he then owed, supposing that fact to have appeared.
 

 It may be that he did so with the money the defendant gave for the horse, and at all events, it is not material to the question of fraud between these parties.
 

 Honesty and fair dealing between man and man forbid a recovery upon a title so corrupt against a
 
 bona fide
 
 purchaser, in open market, as it were, from the former owner and possessor of the horse.
 

 Per Curiam. Judgment affirmed.